THIS is an appeal from a judgment rendered against Young, who was demandant, in a writ of right, brought in the circuit court to recover from Sarah Kimberiandthe seizin of two' lots df ground, Nos. 6 and 8, in the town df Westpoint. in the county of Hardin; The mise was joined on the mere right, and the judgment Was rendered by the circuit court upon a verdict finding the defendant had more right to hold the lots than the demandant had to demand them.
On the trial in the circuit court, it was, in substance, proved, that the defendant, Sarah Kimberland, was in the actual possession of the lots, claiming title thereto under her deceased husband, Jacob Kimberland, and that she and her husband had been possessed thereof for upwards of twenty one years before the writ of the demandant was sued oiit; that Jacob Kimberland originally took the possession under Samuel Pearman; who had obtained a patent for thé land from the commonwealth of Virginia; and that, after he, had been in possession for some time, he received a deed of conveyance for the ground in contest, from said Pearman? bearing date the 7th day of August 1798, but which deed was not allowed by the court to be considered by the jury as having been delivered before the 27th day df August 1799, it appearing to have' been then admitted to record, on the acknowledgment of Pearman in court, and there being no other evidence of its execution or delivery.
It was also proved, that Young, the demandant, was residing on the land patented to Pearman, (but on apart different from that occupied by Kimberland,} claiming under Pearman, prior to July 1798, but without having received any conveyance from Pearman j that at the July term of the county court of Hardin, in the year 5798, an order was made, on tile application of Pearman, establishing the town of Westpoint, on the land patented to him. and including in the boundaries of the town the lots in contest. It was likewise proved, that shortly after the establishment of the town, the trustees, who were appointed by the court, entered on part of the lots and made sale thereof; but at that time Kimberland was residing on the lots in *225 'Contest, and no entry appears to have been then made Wpon his possession by the trustees,* nor does it ap pear that the trustees ever entered upon the lots heid by the defendant, until two or three months prior to the 19t h of January >820, at which time, it is proved that the trustees, ^together with the demandant, entered upon the lots possessed by the defendant, for the purpose of making sale thereof, and that thé trustees did then actually sell the lots to the demandant, and on the l9th of January 1820, executed, sealed and delivered to the demandant, a for those lots.
been made since the act. ot‘ N98 con' cSmnfrty awdmainte-' nance, took efíect* a maimainT^ writ of right wherever liad kept the estate
< a n,ade before that act was m íorcis> a inSe^ot^ session of the land convty^'08®a^3t graHtor mihht have maimained a bugiantee cannot
Where a town was establisbed be- ^ ®!^ec3Cii the trustees were not. by its establishment invested with a legal title to lands held adversely, but included in the town.
*225 The foregoing are the only material and prominent facts proved in the cause, and Upon which various opinions were given by the court to the jury, in the progress of the trial. We have not, however, deemed it material to notice those opinions in detail, as they all seem to resolve themselves into the inquiry, wheth er or not the facts proved show such a seizin, either in the demandant or those under whom he asserts claim, as to enable him to maintain a writ of right?
2. If the trustees of the town of Westpoint, when they conveyed to the demandant, could have maintain ed a writ of right for the lots, it will not be denied. but that the demandant may sustain his writ; for as the conveyance to him was made since the passage of the act of 1798, concerning I champerty and maintenance, he must be admitted to have acquired, by that conveyance, a right to maintain any action, eiiher reál or mixed, that could have been maintained by his ven dors, as was held by this court in the case of Conn’s heirs vs. Manrfee, 2 Marsh. 399.
3.' But we cannot admit that the trustees of the town could have maintained a writ of right for the lots. We acknowledge, that before the town was established, Peat-man, by settling Young and Kimberland on the land for which he had obtained a patent from the state ofYirginia, ought to be construed to have held such a perfect right as would have enabled him, prior to the time of establishing the town, to have recovered the land in a writ of right; but we apprehend that the seizin of Pearman could not have enabled the trus tees to sustain a writ of right. The trustees, by the order appointing them and that establishing the town, cannot have gained a better right than would have been acquired by a purchaser receiving a convey *226 anee from Pearman before the town was established , and the law is well settled, that before the passage of the act of 1798, concerning champerty and maintenance, a purchaser could not maintain a writ of right On the seizin of his vendor ; and it was before the passage of the act of 1798, that the town of Westpoint was established.
Andan actual entry by the trustees, <on the lots not held in adverse possession, will not be con strued as extending to such as were.
An actual entry by the trustees, after an adversary possession of 20 years, gives them no seizin.
■Where the vendor acquires no > seizin by his actual entry to sell, the vendee ac-' quires no seizin by,Ins actual entry to purchase or by his purchase.
4. Nor are we of opinion, that the trustees have ever, since their appointment, gained such a seizin of the lots by entrj, as would have enabled them to maintain a writ of right. The entry which they made on part of the lots, shortly after the to wn was established, most indisputably cannot have given them seizin of the lots in contest$ for that entry appears not to have been made with an intention of acquiring seizin of any lots which were possessed by oihers, and Kimberland is proved to have been at that time actually possessed. And it is equally obvious, that the entry made -by the trustees, when they sold to the demandant, cannot have clothed them with- the actual seizin of the lots ; for as the defendant and her husband, under whom she claims, had before then been in the adverse possession of the lots, claiming under an executed conveyance from Pearman for more than twenty years, the right of the trustees to enter, must have been tolled by the lapse of time j and consequently, by thereafter entering upon the possession of the defendant, merely for the purpose of selling to the demandant, the trustees of the town cannot have gained the actual seizin of the lots. And if the trustees, by entering to sell, could not become possessed, it is evident, that the demandant, by entering to purchase, can have acquired no séizin.
Upon the whole, we apprehend the demandant showed no such seizin in himself or others, as to au. thorise a recovery of the lots, and that the court below was correct in so deciding.
The judgment must, therefore, be affirmed witlji costs,